UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TERRY D. WRIGHT, SR.,                                    Case No. 12-10503

                    Plaintiff,                           Stephen J. Murphy, III
v.                                                       United States District Judge

MGM GRAND DETROIT CASINO, *et al.*,                      Michael Hluchaniuk
                                                         United States Magistrate Judge

                    Defendants.

_____/

## REPORT AND RECOMMENDATION
## MOTIONS TO DISMISS (Dkt. 9, 10)

## I.    PROCEDURAL HISTORY

On February 6, 2012, plaintiff filed a complaint pursuant to Federal Rule of

Civil Procedure 60 seeking relief from judgment in another case, *MGM Grand*

*Detroit LLC v. Int'l UAW, et al*, Case No. 10-14510, to which plaintiff is not a

party.  (Dkt. 1).  Case No. 10-14510 is an appeal of the arbitrator's decision

pertaining to plaintiff's union grievances, which was filed by the union against

plaintiff's employer.  Plaintiff filed an amended complaint on March 21, 2012.

(Dkt. 7).  On April 11, 2012, the union filed a motion to dismiss the complaint.

(Dkt. 9).  And on April 12, 2012, the MGM defendants and their counsel (also

named defendants in this case), filed their motion to dismiss.  (Dkt. 10).  These

motions were referred to the undersigned for report and recommendation by

District Judge Stephen J. Murphy, III on April 23, 2012.  (Dkt. 12).  On May 5, 2012, plaintiff filed his responses to the motions to dismiss.  (Dkt. 13, 14).  On May 21, 2012, the MGM defendants filed a reply.  (Dkt. 15).

Significantly, there are several related cases pending in this district.  The first case is *Wright v. MGM Grand Casino, et al*, Case No. 09-14853, which is assigned to District Judge Mark A. Goldsmith.  Plaintiff brought a host of federal and state discrimination claims based on race and disability, among other claims, against his employer, along with a variety of individuals.  Plaintiff's claims arise from his alleged wrongful termination in October 2008, following disciplinary actions and grievances filed with his union.  Plaintiff's state law claims were dismissed in that case.

The second case is *Wright v. MGM Detroit Grand Casino, et al*, Case No. 11-15105, which has also been assigned to Judge Goldsmith.  Plaintiff re-filed his state claims that had been dismissed from Case No. 09-14853 in state court and also included claims against the Union.  Based on the inclusion of such a claim, the matter was then removed to federal court.  Case No. 11-15105 is based on the same factual incidents as Case No. 09-14853, but also includes a hybrid § 301 claim against the union, based on an alleged unfair representation by the union regarding his grievances.

As indicated above, there is a third related case: *MGM Grand Detroit LLC*

*v. Int'l UAW*, *et al*, Case No. 10-14510, which is an appeal of the arbitrator's decision pertaining to plaintiff's union grievances. The arbitrator decided all of the grievances except one against plaintiff and both the union and his employer appealed. Judge Murphy vacated the arbitrator's decision to the extent it was favorable to the union and plaintiff and denied the union's motion to affirm the award. (Case No. 10-14510, Dkt. 19). The matter was appealed by the union and the Sixth Circuit reversed the district court, reinstating the arbitrator's decision and award. (Case No. 10-14510, Dkt. 24). Judgment has now been entered in favor of the union. (Case No. 10-14510, Dkt. 26). Plaintiff's present complaint/motion for relief under Rule 60 seeks to set aside Judge Murphy's decision, which has now been reversed by the Sixth Circuit.

For the reasons set forth below, the undersigned **RECOMMENDS** that plaintiff's complaint be **DISMISSED** in its entirety.

## II.   ANALYSIS AND CONCLUSION

The undersigned recommends dismissal of plaintiff's complaint for two reasons. First, it appears to be mooted by the decision of the Sixth Circuit. That is, the trial court judgment plaintiff seeks to have set aside has been reversed by the Sixth Circuit. Therefore, the undersigned concludes that plaintiff's complaint is entirely moot.

Second, to the extent that any claim asserted or relief sought by plaintiff has

not been mooted by the Sixth Circuit's decision, these proceedings are entirely duplicative of other lawsuits filed by plaintiff.  As multiple federal district courts in Michigan have observed, plaintiffs generally have "no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendants." *Cummings v. Mason*, 2011 WL 2745937 (W.D. Mich. 2011), quoting *Walton v. Eaton Corp.*, 563 F.2d 66, 70 (3d Cir. 1977); *see also Houston v. Caruso*, 2009 WL 579411 (W.D. Mich. 2009). Accordingly, as part of its inherent power to administer its docket, a district court may dismiss a suit that is duplicative of another federal court suit.  *Cummings*, at *1, citing *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976); *Adams v. Cal. Dep't of Health Serv.*, 487 F.3d 684, 688 (9th Cir. 2007); *Missouri v. Prudential Health Care Plan, Inc.*, 259 F.3d 949, 953-54 (8th Cir. 2001); *Curtis v. Citibank, N.A.*, 226 F.3d 133, 138-39 (2d Cir. 2000); *Smith v. SEC*, 129 F.3d 356, 361 (6th Cir. 1997).  The power to dismiss a duplicative lawsuit is meant to foster judicial economy and the "comprehensive disposition of litigation," *Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co.*, 342 U.S. 180, 183 (1952), and to protect parties from "the vexation of concurrent litigation over the same subject matter." *Adam v. Jacobs*, 950 F.2d 89, 93 (2d Cir. 1991).

The present suit covers all the same ground as plaintiff's earlier filed lawsuits.  The first difference between this case and the two earlier cases –

Report and Recommendation
Motions to Dismiss
*Wright v. MGM Grand Detroit Casino*; Case No. 12-10503

4

plaintiff's seeking to have the trial court's judgment in Case No. 10-14510 set

aside – has been mooted by the decision of the Sixth Circuit, as discussed above.

The only other important difference between this complaint and the other two

complaints is that, in this case, plaintiff added as defendants the attorneys who

represent the MGM defendants in the earlier filed cases.  A complaint is

duplicative and subject to dismissal if the claims, parties and available relief do

not significantly differ from an earlier-filed action.  *Cummings*, at *2, citing *Serlin*

*v. Arthur Andersen & Co.*, 3 F.3d 221, 223 (7th Cir. 1993).  Although complaints

may not "significantly differ," they need not be identical.  *Id*.  Courts focus on the

substance of the complaint.  *See e.g.*, *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th

Cir. 1988) (holding that a complaint was duplicative although different defendants

were named because it "repeat[ed] the same factual allegations" asserted in the

earlier case).  The undersigned does not find that addition of the attorneys who

represent the MGM defendants in the other cases to be a sufficient basis to allow

this case to move forward separately.  Rather, if it were appropriate to add them as

party defendants, plaintiff could have sought leave to do so in one or the other of

the earlier-filed cases.  Given the similarities among the parties, the legal claims,

the factual allegations, the temporal circumstances and relief sought, in the present

complaint and plaintiff's two other lawsuits, the present complaint must be

considered duplicative and dismissed.

## III.   RECOMMENDATION

For the reasons set forth above, the undersigned **RECOMMENDS** that plaintiff's complaint be **DISMISSED** in its entirety.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981).  Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc.  Any objection must recite precisely the provision of this Report and Recommendation to which it pertains.  Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity.  Fed.R.Civ.P. 72(b)(2), Local Rule 72.1(d).  The response must specifically address each issue raised in the objections, in the

Report and Recommendation
Motions to Dismiss
*Wright v. MGM Grand Detroit Casino*; Case No. 12-10503

same order, and labeled as "Response to Objection No. 1," "Response to Objection

No. 2," etc.  If the Court determines that any objections are without merit, it may

rule without awaiting the response.

Date: December 21, 2012                     s/Michael Hluchaniuk
                                            Michael Hluchaniuk
                                            United States Magistrate Judge

## CERTIFICATE OF SERVICE

        I certify that on December 21, 2012, I electronically filed the foregoing
paper with the Clerk of the Court using the ECF system, which will send
electronic notification to the following: Terry D. Wright, Sr., Katherine D. Goudie,
Louis Theros, and Stephen A. Yokich,

                                            s/Tammy Hallwood
                                            Case Manager
                                            (810) 341-7887
                                            tammy_hallwood@mied.uscourts.gov